# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JUAN RUIZ,

        Plaintiff,

v.                                  Case No. 05-CV-73840

RAYMOND CASSAR,

        Defendant.
                               /

## ORDER OF SUMMARY DISMISSAL

Plaintiff Juan Ruiz, a state inmate currently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the court dismisses the complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted.

In his complaint, Plaintiff alleges that defendant Cassar provided ineffective assistance of counsel during his legal representation of Plaintiff in a criminal proceeding in Wayne County.

---

[1]     28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> . . .
> (ii) fails to state a claim upon which relief may be granted . . .

The essential elements of a claim under 42 U.S.C. § 1983 are that the conduct complained of: (1) was committed by a person acting under color of state law, and (2) deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981).  "Absent either element, a section 1983 claim will not lie."  Christy v. Randlett, 932 F.2d 502, 504 (6th Cir. 1991).  Attorneys representing clients in criminal actions do not act under color of law for § 1983 purposes.  Polk County v. Dodson, 454 U.S. 312 (1981).  Therefore, Defendant was not acting under color of state law while representing Plaintiff.  Accordingly, this court must dismiss Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted.[2]

For the foregoing reasons, IT IS ORDERED that Plaintiff's complaint is DISMISSED pursuant to 42 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted.

      S/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  October 17, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2005, by electronic and/or ordinary mail.

      S/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522

---

[2] The court notes that the case is also subject to dismissal because the court lacks subject matter jurisdiction over this case.  Plaintiff has presented a purely state law cause of action and the requirements for diversity jurisdiction are not met.  See 28 U.S.C. § 1332.